# Morris, Nichols, Arsht & Tunnell LLP

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Jack B. Blumenfeld
302 351 9291
302 425 3012 Fax
jblumenfeld@mnat.com

February 6, 2008

The Honorable Gregory M. Sleet                                    *VIA ELECTRONIC FILING*
United States District Court
  For the District of Delaware
844 North King Street
Wilmington, DE  19801

        Re:  *Santarus, Inc. et al. v. Par Pharmaceutical, Inc.*
             C.A. No. 07-551 (GMS)

Dear Chief Judge Sleet:

        Attached is the parties' Joint Status Report, for discussion during the conference on Monday afternoon.

                                                                     Respectfully,

                                                                     Jack B. Blumenfeld

JBB/nlm
Enclosure
cc:    Clerk of Court (Via Hand Delivery; w/ encl.)
        Frederick L. Cottrell, Esq. (Via E-mail; w/encl.)
        Daniel G. Brown, Esq. (Via E-mail; w/encl.)
        Gary N. Frischling, Esq. (Via E-mail; w/encl.)
        Jamison E. Lynch, Esq. (Via E-mail; w/encl.)
1483103

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SANTARUS, INC., a Delaware corporation, and THE CURATORS OF THE UNIVERSITY OF MISSOURI, a public corporation and body politic of the State of Missouri,<br><br>                Plaintiffs,<br><br>    v.<br><br>PAR PHARMACEUTICAL, INC., a Delaware corporation,<br><br>                Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 07-551-GMS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, D. Del. L.R. 16.2(b), and the Court's January 31, 2008 Order (D.I. 13), the parties, by and through their undersigned counsel, jointly submit this Status Report. Counsel for the parties conferred in preparation for the status and scheduling conference before the Court on February 5, 2008 at 11:30 a.m. Attached for the Court's consideration as Exhibit A is a chart summarizing the parties' proposed schedule for this action.

    **1.**    **Substance of the Action**

This is a Hatch-Waxman Act patent infringement action. Plaintiff Santarus, Inc. ("Santarus") sells a drug product in the form of 20 mg omeprazole/ sodium bicarbonate capsules, and 40 mg omeprazole/sodium bicarbonate capsules, both under the trademark ZEGERID®.

Plaintiffs contend that these capsules are covered by United States Patent Nos. 6,645,988 (the "'988 patent"); 6,489,346 (the "'346 patent"); and 6,699,885 (the "'885 patent'). Plaintiffs assert that the '988 patent, the '346 patent and the '885 patent are owned by The Curators of the University of Missouri and are exclusively licensed to Santarus. These drug capsules are

indicated for the treatment of heartburn and other symptoms of gastroesophageal reflux disease, the maintenance of healing of erosive esophagitis, and the short-term treatment of active duodenal ulcers and active benign gastric ulcers.

Defendant Par Pharmaceutical, Inc., ("Par") filed an Abbreviated New Drug Application ("ANDA") No. 78-966 with the FDA seeking approval for generic 20 mg omeprazole/sodium bicarbonate capsules, and 40 mg omeprazole/sodium bicarbonate capsules, ("the ANDA Capsule Products") before the July 16, 2016 expiration of the '988, '346 and '885 patents.

Plaintiffs filed this action (the "First Action") alleging that the submission of Defendant's ANDA was an act of infringement of the '988, '346, and '885 patents under 35 U.S.C. § 271(e)(2). Defendant denies infringement, and contends that the claims of the '988, '346 and '885 patents are invalid and unenforceable due to inequitable conduct.

On December 20, 2007, Plaintiffs filed a second patent infringement lawsuit against Par for infringement of the patents listed in the Orange Book for Zegerid® Powder for Oral Suspension. That case has also been assigned to this Court as Civil Action No. 07-827-GMS (the "'Second Action"). The Second Action is in response to a second ANDA (No. 79-182) filed by Par with the FDA regarding Par's request for approval of generic omeprazole/sodium bicarbonate power for oral suspension ("the ANDA Powder Products"). In the Second Action, Plaintiffs asserted four patents, the '988, '346 and '885 patents asserted in the First Action, along with U.S. Patent No. 6,780,882 (the "'882 patent"). A fifth patent, U.S. Patent No. 5,840,737 (the "'737 patent") is listed in the Orange Book for the Powder Products but was not asserted by Plaintiffs. On December 20, 2007, The Curators of the University of Missouri filed an application with the PTO seeking reissue of the '737 patent and amendment of its claims. That application currently is pending.

On January 30, 2008, Par filed an Amended Answer and Counterclaims, generally denying infringement and alleging invalidity and unenforceability and seeking a declaratory judgment of non-infringement, invalidity and unenforceability of all four asserted patents plus the '737 patent. Plaintiffs expect to file a reply to the Counterclaims shortly.

The parties agree that the First Action and the Second Action should be consolidated for all purposes.

**2.     Jurisdiction and Service**

The parties agree that the Court has subject-matter jurisdiction over Plaintiffs' claims and Defendant's counterclaims in the First Action pursuant to 28 U.S.C. §§ 1331,1338(a), 2201, and 2202.  The parties further agree that the Court has personal jurisdiction over the parties for purposes of this action and venue is proper.

As for the Second Action, the parties agree that the Court has subject-matter jurisdiction over Plaintiffs' claims.  With respect to Defendant's declaratory judgment counterclaims in the Second Action, Plaintiff believes that subject matter jurisdiction is lacking with respect to the '737 patent because Plaintiff did not assert that patent against Defendants and the '737 patent is undergoing reissue proceedings seeking amendment of its claims.  Plaintiffs plan to file a motion to dismiss the declaratory judgment claim as to '737 patent, or in the alternative, to stay the declaratory judgment claim as to the '737 patent until after the reissue proceeding in the Patent Office has concluded.  Defendant believes that subject matter jurisdiction over its declaratory judgment claims relating to the '737 patent is proper under recent Federal Circuit caselaw.  The parties further agree that the Court has personal jurisdiction over the parties for purposes of this action and venue is proper.

**3.     Identification of Issues**

   **(A)     Plaintiffs**

Whether Defendant's submission of the ANDAs was an act of infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2) because the commercial manufacture, use, offer for sale, or sale of the ANDA Capsule and Powder Products would infringe one or more claims of the patents-in-suit.

    **(B)**    **Defendant**

Whether the ANDA Capsule and Powder Products do not infringe the '988, '346, '885, '882, and '737 patents; whether the '988, '346, '885, '882, and '737 patents are invalid, including over the prior art and/or public uses by the inventor; and whether the '988, '346, '885, '882, and '737 patents are unenforceable due to inequitable conduct, including for failure to disclose to the Patent Office material information relating to public uses by the inventor.

**4.**    **Narrowing of Issues**

The parties expect that, as discovery proceeds and the case progresses, they may be able to narrow the issues by way of stipulation or agreement. At this time, other than the anticipated motion by Plaintiffs to dismiss the '737 patent from the case, there are no dispositive or partially dispositive issues appropriate for decision or motion.

**5.**    **Relief**

    **(A)**    **Plaintiffs**

Plaintiffs seek at least the following relief:

1. A determination that Defendant has infringed the '346 patent, the '885 patent, the '882 patent, and the '988 patent;

2. A determination that the commercial use, sale, offer for sale, manufacture, and/or importation by Defendant of the ANDA Capsule and Powder Products would infringe the '346 patent, the '885 patent, the '988 patent and, with respect to the Powder Products, the '882 patent;

3. A determination, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date for approval of the ANDAs, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), be no earlier than the expiration date of the '346 patent, the '885 patent, the '988

patent, and, with respect to the Powder Products, the '882 patent, including any applicable patent or regulatory extensions;

  4.  An order preliminarily and permanently enjoining Defendant and its affiliates, subsidiaries, officers, directors, employees, agents, representatives, licensees, successors, assigns, and all those acting for them and on their behalf, or acting in concert with them directly or indirectly, from infringing the '346 patent, the '885 patent, the '882 patent, and the '988 patent; and

  5.  A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs.

  **(B)**  **Defendant**

Defendant seeks at least the following relief:

  1.  A declaration that the '988, '346, '885, '882, and '737 patents and all of the respective claims are: (i) not infringed by the ANDA capsule and Powder Products; (ii) invalid; and (iii) unenforceable due to inequitable conduct.

  2.  A declaration that this case is exceptional pursuant to 35 U.S.C. § 285 and an award of attorneys' fees and costs.

  **6.**  **<u>Amendment of Pleadings</u>**

The parties propose a March 30, 2008 deadline for amendment of pleadings.

  **7.**  **<u>Joinder of Parties</u>**

At present, the parties are not aware of any additional parties who should be joined in this action. The parties propose a March 30, 2008 deadline to add such parties.

**8.    Discovery**

    **(A)    Issues**

        **1.    Plaintiffs**

Plaintiffs require, at a minimum, the following discovery to prepare for trial: (i) written discovery to, and responses and documents from, Defendant relating to the parties' contentions; (ii) fact depositions of Defendant and its key employees relating to Defendant's alleged infringement; (iii) fact depositions relating to validity issues, including the scope and content of the prior art being asserted by the Defendant and objective evidence of nonobviousness; (iv) discovery relating to Defendant's contentions in this case, including Defendant's contention of inequitable conduct; and (v) expert discovery.

        **2.    Defendant**

Defendant requires, at a minimum, the following discovery to prepare for trial: (i) written discovery to, and responses and documents from, Plaintiffs relating to the parties' contentions; (ii) fact depositions of Plaintiffs; attorneys that prosecuted the '988, '346, '885, '882, and '737 patents; and third parties, including relating to Plaintiffs' allegations of infringement; validity issues, including public uses by the inventor; and enforceability issues; (iii) discovery relating to Plaintiffs' contentions in this case; and (iv) expert discovery.

    **(B)    Limitations on Discovery**

The parties agree that discovery should be conducted in accordance with the parameters set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

The parties agree to limit the number of interrogatories to 25 per side. The parties do not believe that any limitations are required at this time for document requests or requests for admission, as the parties have agreed to be reasonable and cooperative with respect to the number and timing of such requests.

Plaintiffs propose that each side be limited to 10 fact depositions, which number does not include depositions of experts. Plaintiffs believe there is no reason to deviate from the limit set by Fed. R. Civ. P. 30 of 10 depositions. Defendant proposes 150 hours for each side as Defendant believes there may be several as yet unidentified fact witnesses in view of the over 200 patent claims at issue, complex regulatory issues relating to Santarus' Zegerid® products, and Defendant's allegations of public uses by the inventor and of inequitable conduct.

**(C)   Protective Order**

The parties anticipate the need for entry of a protective order to protect the confidentiality of sensitive business information that may be exchanged during discovery, and are in the process of preparing a proposed protective order for this case. The parties anticipate submitting a proposed protective order to the Court for its consideration.

**9.   Estimated Trial Length**

The parties believe at this time that they will require five (5) days to resolve the issues set forth in the parties' respective pleadings. The parties will cooperate in an attempt to reduce the length of trial through the use of stipulations and other means for expediting the presentation of evidence.

**10.   Jury Trial**

The parties agree that because no money damages are being sought, there will be no jury trial.

**11.   Settlement**

The parties have not yet had an opportunity to discuss settlement. The parties are open to referral to a Magistrate Judge for informal mediation or settlement discussion at an appropriate time.

| | |
|---|---|
| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | RICHARDS, LAYTON & FINGER, P.A. |
| */s/ Jack B. Blumenfeld (#1014)*<br>Jack B. Blumenfeld (#1014)<br>James W. Parrett, Jr. (#4292)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jparrett@mnat.com<br>*Counsel for Plaintiffs Santarus, Inc. and The Curators of the University of Missouri* | */s/ Steven J. Fineman (#4025)*<br>Frederick L. Cottrell (#2555)<br>Steven J. Fineman (#4025)<br>One Rodney Square<br>P.O. Box 551<br>Wilmington, DE  19899<br>(302) 651-7700<br>Cotrell@rlf.com<br>Fineman@rlf.com |
| *Of Counsel*: | *Of Counsel*: |
| *For Plaintiff Santarus, Inc.*:<br>Morgan Chu<br>Gary N. Frischling<br>Lisa N. Partain<br>Benjamin T. Wang<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, California 90067-4276<br>(310) 277-1010 | Edgar H. Haug<br>Daniel G. Brown<br>FROMMER LAWRENCE & HAUG LLP<br>745 Fifth Avenue<br>New York, New York  10151<br>(212) 588-0800<br>*Attorneys for Defendants* |
| *For Plaintiff The Curators of the University of Missouri*:<br>James R. Ferguson<br>Jamison E. Lynch<br>MAYER BROWN LLP<br>71 S. Wacker Drive<br>Chicago, IL 60606<br>(312) 782-0600 | |

# EXHIBIT A

Case 1:07-cv-00551-GMS   Document 14-3   Filed 02/06/2008   Page 1 of 3

# Exhibit A

# PROPOSED CASE SCHEDULE

## Discovery Period

| Event | Joint Proposal |
|---|---|
| Initial Disclosures | 15 days following entry of scheduling order |
| Joinder of Other Parties and Amend Pleadings | March 30, 2008 |
| Substantial Completion of Document Production | July 11, 2008 |
| Close of Fact Discovery | November 14, 2008 |
| Opening Expert Reports by Party with Burden of Proof | December 15, 2008 |
| Responsive Expert Reports | January 23, 2009 |
| Rebuttal Expert Reports | February 27, 2009 |
| Close of Expert Discovery | March 31, 2009 |

## Claim Construction

| Event | Joint Proposal |
|---|---|
| Opening Markman Briefs | 60 days before hearing date |
| Responsive Markman Briefs | 30 days before hearing date |
| Markman Hearing | September 2008 proposed; date to be determined by Court |

## Dispositive Motions

| Event | Plaintiffs' Proposal | Defendant's Proposal |
|---|---|---|
| Deadline to File Letter Brief Indicating Intent to file MSJ | Plaintiffs believe dispositive motions are unnecessary in this case to be tried to the bench | 11/3/2008 |
| Responsive Letter Brief Regarding Filing of MSJ | | 11/10/2008 |
| Reply Letter Brief Regarding Filing of MSJ | | 11/14/2008 |
| Status Conference to Determine Whether MSJ Will be Allowed | | ~12/1/2008 |
| Deadline to File Case Dispositive Motions if Allowed | | 1/16/2009 |

## Pretrial

| Event | Joint Proposal |
|---|---|
| Parties Exchange respective portions of Pretrial Order | April 30, 2009 |
| Parties Exchange Objections to Other Side's Pretrial Order Submission | May 22, 2009 |
| Motions in limine (fully briefed) | May 26, 2009 |
| Pretrial Order Submitted to Court | May 29, 2009 |
| Pretrial Conference | June/July 2009 proposed; date to be determined by the Court |
| Trial | August 2009 proposed; date to be determined by the Court |

1483098